WEIS BROTHERS v. CHIPMAN, CALLEY & Co.

No. 135.

1. **Attachment—Sufficient Affidavit.**—The objection to the affidavit is, that it states that " the defendants are justly indebted to said plaintiff," without indicating which of the plaintiffs was intended. It sufficiently appears from the recitals in the affidavit that affiant appeared as attorney for C., C. & Co., and the closing part thereof, that plaintiffs will probably lose their debt, shows that the use of the word "plaintiff" was clerical error.

2. **Attachment—Sufficient Bond.**—The bond was signed by A. V. Chapman and Lee J. Calley, by their attorney, L.; and by Ed. McCarty and W. C. Skinner. The name of the sureties was left blank in the bond. It is objected that the bond is not such an obligation on the part of W. C. Skinner and Ed. McCarty as is required by law. It has been repeatedly held, that the names of the sureties need not appear in the body of an appeal bond, and the same principles of construction apply to attachment bonds. There was no error in overruling defendants' motion to quash the attachment.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*Scott, Levi & Smith,* for appellants.—1. The court erred in overruling the motion to quash the affidavit and bond in attachment made and filed in this cause, and the writ of attachment issued herein and the sheriff's return thereon. Rev. Stats., arts. 156, 159; Smith v. Montgomery, 3 Texas, 203; McRea v. McWilliams, 58 Texas, 332; Blackmer v. Davis, 128 Mass., 540; Grant v. Naylor, 4 Cranch, 224; Drake on Attach., sec. 129; Brandt on Sur. and Guar., sec. 28; Wade on Attach., sec. 108.

2. The bond was insufficient. Rev. Stats., arts. 152, 153; Willis v. Lyman, Sears & Co., 22 Texas, 268; Perrill & Fox v. Kaufman & Runge, 72 Texas, 215; Gunst v. Pelham, 74 Texas, 587; Focke v. Hardeman, 67 Texas, 174; Bank v. Flippen, 66 Texas, 611; Moody & Jamison v. Levy & Co., 58 Texas, 532; Evans v. Tucker, 59 Texas, 249; Goodbar, White & Co. v. Bank, 78 Texas, 468.

No brief for appellees reached the Reporter.

GARRETT, CHIEF JUSTICE.—This suit was brought by Chipman, Calley & Co. against Weis Brothers to recover a debt, and an attachment was sued out and levied on certain real estate as the property of the de-

fendants. The only questions presented on appeal grow out of the action of the court below in overruling defendants' motion to quash the attachment for defects in the affidavit and bond.

The affidavit is in the following form:

"Before me, the undersigned authority, on this day personally appeared William B. Lockhart, attorney for Adin V. Chipman and Lee J. Calley, composing the firm of Chipman, Calley & Co., plaintiffs in attachment, referred to in the bond on the reverse side hereof, who being by me duly sworn, says, that Albert Weis and Robert Weis, composing the firm of Weis Bros., the defendants, are justly indebted to said plaintiff in the sum of $793 60, of which said indebtedness the sum of $793.60 is already due, and that the said defendants have disposed of their property, in whole or in part, with intent to defraud their creditors.

"And this deponent further says, that the attachment now applied for is not sued out for the purpose of injuring or harassing the said defendants, and that the plaintiffs will probably lose their debt unless such attachment is issued."

Appellants' objection to the affidavit is, that it states that "the defendants are justly indebted to the said plaintiff," without indicating which of the plaintiffs was intended. It sufficiently appears from the recitals in the affidavit that Lockhart appeared as attorney for the plaintiffs Chipman, Calley & Co., the use of the language "said plaintiff," and the closing part thereof, that the plaintiffs will probably lose their debt, that the use of the word "plaintiff" was a clerical error and intended for "plaintiffs."

The bond filed as the basis of attachment proceedings, after styling the case, is as follows:

"We, the undersigned, Adin V. Chipman and Lee J. Calley, composing the aforesaid firm of Chipman, Calley & Co., as principals, and ——— as sureties, acknowledge ourselves bound to pay to Albert Weis and Robert Weis, composing the aforesaid firm of Weis Bros., the sum of sixteen hundred dollars and no cents, conditioned that the above bound Adin V. Chipman and Lee J. Calley, composing the said firm of Chipman, Calley & Co., plaintiffs in attachment," etc., following the statute. The bond has written at the bottom thereof the following names, "Adin V. Chipman, by his attorney, Wm. B. Lockhart; Lee J. Calley, by his attorney, Wm. B. Lockhart; Ed. McCarthy, W. C. Skinner;" and was approved and filed by the clerk in that form.

No evidence was offered to show in what capacity Ed. McCarthy and W. C. Skinner signed the bond.

Appellants contend, that the plaintiffs sign both as principals and sureties, to the exclusion of other sureties, and that the bond is not such an obligation on the part of W. C. Skinner and Ed. McCarthy, two persons whose names are written at the bottom of the bond, as will make them

liable as sureties or otherwise, and such a bond to that extent fails to satisfy the requirements of the law relating to attachments, and is no protection to defendants in attachment for any loss incurred by reason of such attachment, and the defendants would be powerless to enforce said bond against said Skinner and McCarthy.

The fact that blanks are left for the names of the sureties would repel the idea that plaintiffs signed as their own sureties, if there were no other reasons. It very clearly appears that McCarthy and Skinner are the sureties required by the statute. It has been repeatedly held that the names of the sureties need not appear in the body of an appeal bond. San Roman v. Watson, 54 Texas, 258, and authorities cited therein. Both an appeal and an attachment bond are statutory bonds, and the same principles of construction apply to them.

There was no error in overruling the defendant's motion to quash the attachment, and the judgment of the court below will therefore be affirmed.

*Affirmed.*

Delivered April 20, 1893.